CHIEF JUSTICE CARRICO,
concurring in part and dissenting in part.
I agree with the majority with respect to its holding concerning the Jackson patent. I cannot, however, take the leap of faith the majority takes concerning the Morris patent in according the abbreviation “etc.” the effect of incorporating by reference what the majority describes as “the form language used in . . . other documents” to delineate the privileges “usually” conveyed by a patent.
The issue is what was conveyed by the Morris patent. The majority says that “[i]n recording the Morris patent, the clerk omitted much of the form language [used in other documents and] apparently substituted ‘etc.’ for the omitted language.” (Emphasis added.) But the clerk may just as well have substituted “etc.” for some other and entirely different language, leaving to guesswork whether the language omitted from the Morris patent conveyed fishing rights. Accordingly, I would hold that fishing rights were not validly conveyed by the Morris patent.